E-FILED
Wednesday, 08 December, 2021  03:21:29 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | | |
|---|---|---|---|
| MARICELA RIOS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | No. | 1:21-cv-1359 |
| | ) | | |
| WALMART, INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |

## NOTICE OF REMOVAL

Defendant, Walmart, Inc., by and through its attorneys, Rynearson, Suess, Schnurbusch & Champion, LLC, removes this case to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1446 upon the following grounds:

## VENUE

1.      There is now commenced and pending in the Circuit Court for the Tenth Judicial Circuit, Tazewell County, Illinois, a certain civil action designated as No. 21-L-102, in which Maricela Rios is plaintiff and Walmart, Inc. ("Walmart") is defendant.

2.      Defendant removes this case to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1446(a) because the original action was filed in Tazewell County, Illinois, which is within the Central District of Illinois.

## DIVERSITY OF CITIZENSHIP

3.      The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

4.      Complete diversity of citizenship exists between plaintiff and defendant as required by 28 U.S.C. § 1332(a).

5.      Plaintiff is now and was at the commencement of this action a citizen of the State of Illinois.

6.      Defendant Walmart is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas.  Walmart is a citizen of the States of Delaware and Arkansas.

## AMOUNT IN CONTROVERSY

7.      The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

8.      This action involves a claim for personal injuries and damages in excess of $50,000.  (See Complaint and attached Affidavit signed by plaintiff's counsel).  Plaintiff claimed that, as a result of the alleged incident, she sustained "severe and permanent injurires"; that she would be "hindered and prevented from attending to her usual duties and affairs in life"; that she "suffered a loss of earning capacity"; and that she suffered "great pain and anguish" now and in would suffer in the future (Complaint, ¶¶  20-21). Plaintiff further alleged that past and future medical expenses (Complaint, ¶ 22).

9.      The District Courts adhere to a policy favoring prompt removal of cases so that a defendant should effect removal when it appears likely from the face of the complaint that the amount in controversy exceeds $75,000, even when the complaint does not explicitly demand a figure exceeding $75,000.  *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Fields v. Jay Henges Enterprises, Inc.*, 2006 WL 1875457, at 3 (S.D. Ill. 2006).  This Southern District of Illinois, in *Fields*, held:

The purpose of requiring prompt removal of cases in which federal jurisdiction is apparent on the face of a complaint is to avoid gamesmanship. The "policy and purpose of Congress [is] to effect removals as early as possible and avoid unnecessary delay." *Gilardi v. Atchison, Topeka & Santa Fe Ry. Co.*, 189 F. Supp. 82, 85 (N.D. Ill.1960). Correspondingly, courts should not encourage parties to "hold [ ] back" their "federal cards." *Wilson*, 668 F.2d at 966. "If a [defendant] has good grounds to remove a case to federal court, it cannot experiment in state court before seeking removal." *Gallagher v. Max Madsen Mitsubishi*, No. 90 C 0508, 1990 WL 129611, at *5 (N.D. Ill. Aug. 27, 1990). When a defendant fails to effect timely removal of a case that "[is] removable on the initial pleading, the plain language of ... [28 U.S.C.] § 1446(b) applies," so that "[if] the notice of removal [is] not filed within 30 days of the date [the defendant] was served with the original complaint, the removal [is] untimely." *Id.*

*Fields*, 2006 WL 1875457 at 3; see also *Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex.2000) (noting that a complaint "can facially state a claim over the jurisdictional amount when there are no numbers in the [complaint] at all,").

10.     When the complaint itself does not explicitly establish the amount in controversy, the district court may look outside the pleadings to other evidence of jurisdictional amount in the record to determine if the amount in controversy requirement is met. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006); *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (holding that defendant may establish amount in controversy through interrogatories, contentions, or admissions in state court, calculations of damages in the complaint, reference to plaintiff's settlement demands or informal estimates, or by introducing affidavits from employees or experts about how much it may cost to satisfy plaintiff's demands); *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997).

11.     On July 1, 2021, counsel for plaintiff issued a settlement demand in the amount of $850,000.00. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006)

(explaining that a court may consider settlement demands as evidence in determining the amount in controversy for purposes of removal).

12.     Further, in their settlement demand, counsel for plaintiff stated that plaintiff had incurred $219,060.16 in medical expenses and $55,000 in lost wages as a result of of the alleged incident.

12.     Based on the alleged past and future medical expenses, the alleged wage loss, the alleged past and future pain and suffering, the alleged past and future loss of enjoyment of a normal life, counsel for plaintiff's $850,000 settlement demand, and counsel for plaintiff's affidavit that plaintiff's alleged damages exceed $50,000, defendant asserts to the Court that a preponderance of the evidence known to date establishes that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS

13.     Plaintiff filed the Complaint on November 1, 2021, and served defendant with the Complaint and Summons on November 10, 2021.

14.     This notice of removal was filed within thirty days after receipt by defendant of the initial pleading pursuant to 28 U.S.C. § 1446(b) and within one day of learning the amount in controversy exceeded $75,000.

## NOTICE REQUIREMENTS

15.     Written notice of the filing of this removal was given to plaintiff pursuant to 28 U.S.C. § 1446(d).

16.     A copy of this notice of removal was filed with the Tenth Judicial Circuit, Tazewell County, Illinois, as required by 28 U.S.C. §1446(d).

17.     A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a).

WHEREFORE, defendant, Walmart, Inc., removes this case to the United States District Court for the Central District of Illinois and hereby requests that the filing of this notice of removal shall effect the removal of said civil action to this Court.

**DEFENDANT DEMANDS TRIAL BY JURY**.


RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION, LLC


By /s/James E. DeFranco                          
         James E. DeFranco, #6181134
         Nicholas C. Martin, #6324298
         141 Market Place, Suite 104
         Fairview Heights, IL 62208
         (618) 628-2000
         (618) 628-2007 Fax
         jdefranco@rssclaw.com
         nmartin@rssclaw.com
         ATTORNEYS FOR DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

MARICELA RIOS,               )
                                )
             Plaintiff,     )
                                )
vs.                         )     No.    1:21-cv-1359
                                )
WALMART, INC.,          )
                                )
             Defendant.   )

## AFFIDAVIT

STATE OF ILLINOIS     )
                         ) SS
COUNTY OF ST. CLAIR   )

    James E. DeFranco, being duly sworn upon his oath, deposes and states that he is an attorney for defendant herein, that he has read the foregoing Notice for Removal and believes it to be true, and that he makes this affidavit as an agent authorized to execute same on behalf of defendant.

                    By /s/James E. DeFranco
                        JAMES E. DeFRANCO


SUBSCRIBED AND SWORN TO before me this 8th day of December 2021.


                    Marie G. Agne
                    NOTARY PUBLIC

**"OFFICIAL SEAL"**
**MARIE G. AGNE**
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

VICKIE WALLACE,                    )
                                   )
                  Plaintiff,       )
                                   )
vs.                                )        No.     1:21-cv-1359
                                   )
WALMART, INC.,                     )
                                   )
                  Defendant.       )

## CERTIFICATE OF SERVICE

James E. DeFranco, after being duly sworn upon his oath, deposes and states that he is an attorney for defendant in the above-entitled cause; that on the 8th day of December, 2021, he sent by e-mail a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the 8th day of December 2021, a copy of the Notice for Removal filed herein was also electronically filed with Clerk of the Tenth Judicial Circuit Court, Tazewell County Courthouse, Illinois.

By /s/James E. DeFranco
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 8th day of December 2021.

"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022

Marie G. Agne
NOTARY PUBLIC