

**Service of Process Transmittal**
11/10/2021
CT Log Number 540564988

| | |
|---|---|
| **TO:** | Kim Lundy- Email<br>Walmart Inc.<br>702 SW 8TH ST<br>BENTONVILLE, AR 72716-6209 |
| **RE:** | **Process Served in Illinois** |
| **FOR:** | WALMART INC.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: RIOS MARICELA // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Summonses, Complaint |
| **COURT/AGENCY:** | Tazewell County Circuit Court, IL<br>Case # 2021L000102 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 12/03/2019, Walmart Supercenter located at 155 East Courtland Street, Village of Morton, IL |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/10/2021 at 12:34 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Todd A. Strong<br>Strong Law Offices<br>3100 N. Knoxville Avenue<br>Peoria, IL 61603<br>309-688-5297 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/10/2021, Expected Purge Date: 11/15/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| Date: | Wed, Nov 10, 2021 |
| Server Name: | Sheriff Drop |

| | |
|---|---|
| Entity Served | WALMART INC |
| Case Number | 2021L000102 |
| Jurisdiction | IL |





*  5  0  1  1  8  4  3  4  *

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
TAZEWELL COUNTY, ILLINOIS

| | |
|---|---|
| MARICELA RIOS,<br>    Plaintiff,<br><br>v.<br><br>WALMART INC d/b/a WALMART SUPERCENTER #5157,<br>    Defendant. | )<br>)<br>)<br>)<br>) Case No.: 2021-L-000102<br>) Please Serve:<br>)   C T Corporation System,<br>)   R.A. for Walmart Inc.<br>)   208 S. LaSalle Street, Suite 814<br>)   Peoria, IL 60604 |

## SUMMONS

To the defendant:

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

E-filing is now mandatory with limited exceptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp, or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, _____November 2_____, 2021

_____ GE
Clerk of Court

Name: Todd A. Strong / Strong Law Offices
ARDC Nos.: 6226190
Attorney for: Plaintiff
Address: 3100 N. Knoxville Avenue
         Peoria IL 61603
Telephone: (309) 688-5297
todd@stronglawoffices.com / info@stronglawoffices.com / shelley@stronglawoffices.com



SHERIFF'S FEES

SERVICE AND RETURN $_____
MILES_____
TOTAL $_____

_____
Sheriff of _____ County

I certify that I served this summons on the defendants as follows:

- (Individual defendants-personal):
By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

NAME OF DEFENDANT                    DATE OF SERVICE

_____           _____

_____           _____

- (Individual defendants-abode):

By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 10 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage properly prepaid, addressed to each individual defendant at his usual place of abode, as follows:

Name of defendant    Person with whom left    Date of Service    Date of Mailing

_____    _____    _____    _____

_____    _____    _____    _____

- (Corporation defendants):

By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

Defendant corporation    Registered Agent    Officer or Agent    Date of Service

_____    _____    _____    _____

_____    _____    _____    _____

- (other service)

_____
Sheriff of _____ County



IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
TAZEWELL COUNTY, ILLINOIS

| | |
|---|---|
| MARICELA RIOS,<br>    Plaintiff,<br><br>v.<br><br>WALMART INC d/b/a WALMART SUPERCENTER #5157,<br>    Defendant. | )<br>)<br>)<br>)  Case No.: 2021-L-000102<br>) Please Serve:<br>)  C T Corporation System,<br>)  R.A. for Walmart Inc.<br>)  208 S. LaSalle Street, Suite 814<br>)  Peoria, IL 60604 |

## SUMMONS

To the defendant:

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

E-filing is now mandatory with limited exceptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.
If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp, or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.
If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, November 2, 2021

_____ GE
Clerk of Court

Name: Todd A. Strong / Strong Law Offices
ARDC Nos.: 6226190
Attorney for: Plaintiff
Address: 3100 N. Knoxville Avenue
         Peoria IL 61603
Telephone: (309) 688-5297
todd@stronglawoffices.com / info@stronglawoffices.com / shelley@stronglawoffices.com



## SHERIFF'S FEES

SERVICE AND RETURN $_____
MILES_____
TOTAL $_____

_____
Sheriff of _____ County

I certify that I served this summons on the defendants as follows:

- (Individual defendants-personal):

By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

NAME OF DEFENDANT                    DATE OF SERVICE

_____              _____

_____              _____

- (Individual defendants-abode):

By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 10 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage properly prepaid, addressed to each individual defendant at his usual place of abode, as follows:

Name of defendant    Person with whom left    Date of Service    Date of Mailing

_____      _____          _____          _____

_____      _____          _____          _____

- (Corporation defendants):

By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

Defendant corporation  Registered Agent   Officer or Agent   Date of Service

_____      _____      _____      _____

_____      _____      _____      _____

- (other service)

_____
Sheriff of _____ County

THIS CASE IS SET FOR A MANAGEMENT CONFERENCE
ON May 5, 22, 20
AT 9:00 AM PM IN COURTROOM 101
OF:
IF THE DEFENDANT(S) ANSWER(S) MORE THAN 35 DAYS
BEFORE THIS DATE, THEN THE PARTIES SHALL
SCHEDULE A CASE MANAGEMENT CONFERENCE WITHIN
35 DAYS OF THE DATE THE ANSWER'S FILED.

FILED
11/1/2021 1:55 PM
TAZEWELL COUNTY CIRCUIT CLERK
TENTH JUDICIAL CIRCUIT OF ILLINOIS
REVIEWED BY: SK

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
TAZEWELL COUNTY, ILLINOIS

| | |
|---|---|
| MARICELA RIOS, ) | |
| ) | |
| Plaintiff, ) | Jury Demand |
| ) | |
| v. ) | Case No.: 2021-L-000102 |
| ) | |
| WALMART INC. d/b/a ) | |
| WALMART SUPERCENTER #5157, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, MARICELA RIOS (hereinafter "Plaintiff"), by and through her attorneys, STRONG LAW OFFICES, and complaining of the Defendant, WALMART INC. d/b/a WALMART SUPERCENTER #5157 (hereinafter "Defendant"), alleges as follows:

1. That on or about December 3, 2019 and prior thereto, the Defendant owned, possessed, operated, managed, maintained, and/or controlled and had a duty to own, possess, operate, manage, maintain, and control, both directly and indirectly, individually and through its agents, servants, and/or employees, certain premises and/or property located at approximately 155 East Courtland Street in the Village of Morton, County of Tazewell, State of Illinois.

2. That on or about December 3, 2019 and prior thereto, the Defendant operated, managed, maintained, and controlled and/or had a duty to operate, manage, and control, both directly and indirectly, individually and through its agents, servants, and/or employees, certain activities occurring at the



* 5 0 1 1 8 4 3 4 *

aforementioned premises including, but not limited to, stocking of products and obtaining products from high shelves at the aforesaid premises.

3. That at the aforesaid time and place and prior thereto, the Defendant, individually and by and through its agents, servants, and/or employees, participated in coordinating the aforesaid work and activities being done at the aforesaid premises, including designating various work methods, checking work progress, inspecting the work, and was otherwise responsible for the work being performed adequately and properly.

4. That on or about December 3, 2019, prior thereto, and at all relevant times herein, the Plaintiff was a patron at the aforesaid premises and legally on said property.

5. That on or about December 3, 2019, the Plaintiff was at the Walmart Supercenter at the above-referenced location, and was shopping in one of the aisles in the toy department.

6. That on or about December 3, 2019, a female agent, servant, and/or employee of the Defendant was in the aisle adjacent to the aisle the Plaintiff was shopping in.

7. That on or about December 3, 2019, the aforementioned agent, servant, and/or employee of the Defendant was stacking boxes on top of the shelves between the aisle the aforementioned agent, servant, and/or employee of the Defendant was in and the aisle in which the Plaintiff was shopping.

8. That at the aforesaid time and place, the Plaintiff was in one of the aisles in the toy department, when the aforementioned agent, servant, and/or



employee of the Defendant in an adjacent aisle pushed a box weighing approximately 20 pounds onto the Plaintiff's head and right shoulder when the employee was in the process of stacking boxes on top of the shelves between the aforementioned aisles, and causing injuries to the Plaintiff.

9. That at all times material and relevant herein, the Defendant had a duty to exercise reasonable care in the stacking boxes on top of the shelves between the aforementioned aisles in the toy department, including the provision of a safe, suitable, and proper safety measures for the Plaintiff and others then and there shopping.

10. That at the aforesaid time and place, prior thereto, and at all relevant times herein, the Defendant and/or its agents, servants, and/or employees, knew and/or should have reasonably known of the unsafe, negligent, and/or careless manner in which its aforementioned agent, servant, and/or employee was stacking boxes on top of the shelves between the aforementioned aisles at the aforesaid location.

11. That the aforementioned unsafe, negligent, and/or careless manner in which the Defendant's aforementioned agent, servant, and/or employee was stacking boxes on top of the shelves between the aforementioned aisles presented an unreasonable risk of harm to patrons and other people on the subject property, including the Plaintiff.

12. That at all times relevant and material herein, the Defendant did obtain a benefit from the work of its aforementioned agent, servant, and/or employee



* 5 0 1 1 8 4 3 4 *

while she was working in the capacity of agent, servant, and/or employee of the Defendant.

13. That at all times relevant and material herein, the Defendant had an opportunity to be and was in control of its aforementioned agent, servant, and/or employee as she was an agent, servant, and/or employee of the Defendant and was in the course of her employment at the time of the incident complained of herein.

14. That at all times relevant and material herein, the Defendant, by its aforementioned agent, servant, and/or employee, had a duty to exercise reasonable and ordinary care with respect to the safety of the Plaintiff and patrons then and there shopping at the premises.

15. That at all relevant times herein, the Defendant had a duty to exercise reasonable care for the safety of the Plaintiff.

16. That at the aforesaid time and place, the Defendant were then and there guilty of one or more of the following careless and/or negligent acts and/or omissions:

   a. Permitted the aforementioned agent, servant, and/or employee to stack the boxes on top of the shelves between the aforementioned aisles in an improper, unreasonable, and dangerous manner;

   b. Failed to adequately and properly train the aforementioned agent, servant, and/or employee to properly stack boxes on top of the shelves between the aforementioned aisles on the premises;

   c. Failed to adequately and properly supervise the aforementioned agent, servant, and/or employee in the proper way to stack boxes on top of the shelves between the aforementioned aisles on the premises;



d. Failed to adequately and properly intervene in the improper and dangerous method of stacking boxes on top of the shelves between the aforementioned aisles being performed by the aforementioned agent, servant, and/or employee;

e. Failed to adequately train the aforementioned agent, servant, and/or employee in order to prevent each of the above allegations;

f. Failed to have an adequate policy to prevent each of the above allegations;

g. Failed to have an adequate policy to correct each of the above allegations;

h. Failed to have an adequate policy to train to prevent each of the above allegations;

i. Negligently pushed a box weighing approximately 20 pounds onto Plaintiff's person causing her to be injured; and

j. Was otherwise careless and/or negligent.

17. That at the aforementioned time and place, the Defendant was then and there guilty of one or more of the aforementioned careless and/or negligent acts and/or omissions.

18. That one or more of the aforementioned acts and/or omissions constituting legal misconduct of the Defendant was a proximate cause of the aforementioned occurrence and of the Plaintiff's personal injuries as hereinafter mentioned.

19. That one or more of the aforementioned acts and/or omissions of the aforementioned agent, servant, and/or employee, was a proximate cause of the aforementioned incident and of the Plaintiff's personal injuries as hereinafter mentioned.



20. That as a direct and proximate result of one or more of the aforementioned acts and/or omissions of the Defendant, the Plaintiff did then and there sustain severe and permanent injuries, both internally and externally; was and will, in the future, be hindered and prevented from attending to her usual duties and affairs of life; has lost and will, in the future, lose the value of that time as aforementioned; and has suffered a loss of earning capacity as aforementioned.

21. That the Plaintiff suffered great pain and anguish, both in mind and body, and will, in the future, continue to so suffer.

22. That the Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE the Plaintiff, MARICELA RIOS, hereby prays for judgment in her favor and against the Defendant, WALMART INC. d/b/a WALMART SUPERCENTER #5157, in an amount to satisfy the jurisdictional limitations of this Court and for such additional amounts as the jury and this Court shall deem fair and appropriate, plus the costs of this suit herein.



* 5 0 1 1 8 4 3 4 *

Respectfully Submitted,
MARICELA RIOS, Plaintiff

By: _____
Todd A. Strong, ARDC No.: 6226190
One of the Attorneys for Plaintiff
*Designated Emails Pursuant to Supreme Court Rule 131(d):*
*todd@stronglawoffices.com*
*info@stronglawoffices.com*
*shelley@stronglawoffices.com*
**STRONG LAW OFFICES**
3100 N. Knoxville Avenue
Peoria, IL 61603
(309) 688-5297; Fax: (309) 688-5340

*50118434*

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
TAZEWELL COUNTY, ILLINOIS

| | | |
|---|---|---|
| MARICELA RIOS, | ) | |
| Plaintiff, | ) | Jury Demand |
| v. | ) | Case No.: |
| WALMART INC. d/b/a WALMART SUPERCENTER #5157, | ) | |
| Defendant. | ) | |

### AFFIDAVIT OF DAMAGES

NOW COMES the affiant, TODD A. STRONG of STRONG LAW OFFICES, and hereby affirms and states the following beliefs under oath:

1. That the damages to the Plaintiff, MARICELA RIOS, exceed FIFTY THOUSAND DOLLARS ($50,000.00) as a result of the occurrence herein complained of.

FURTHER, the affiant sayeth not.

Date: 11-1-21

_____
Todd A. Strong

SUBSCRIBED AND SWORN TO
BEFORE ME THIS 1st DAY
OF November, 2021.

_____
NOTARY PUBLIC

OFFICIAL SEAL
SHELLEY M SMITH
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Sept. 7, 2025